Discretionary local option infrastructure sales surtax
Joe A. Flowers Comptroller Escambia County
William P. Buztrey County Attorney Escambia County
QUESTION:
May the proceeds of the discretionary local option infrastructure sales surtax be used for such items as ambulances and radios for emergency medical services and for automobiles and radios for the sheriff's department?
SUMMARY:
Inasmuch as s. 212.055(2), F.S., limits the use of the proceeds from the local government infrastructure surtax to financing, planning and construction of infrastructure, the surtax proceeds may not be used to purchase ambulances and radios for emergency medical services or automobiles and radios for the sheriff's department.
According to your letter, Escambia County has passed an ordinance imposing a one percent local option infrastructure sales surtax upon taxable transactions occurring within the county.[1]
The ordinance provides that the county's share of the proceeds shall be used for the following purposes:
 (a) Jail facilities; (b) Court facilities; (c) Road improvements; (d) Drainage improvements; (e) Transportation improvements; (f) Recreation projects; (g) Mandates imposed by the Growth Management Act; (h) Public safety.[2]
The county proposes using the surtax proceeds to purchase certain equipment for the emergency medical services and sheriff's department such as ambulances, automobiles and radios.
Section 212.055(2), F.S., authorizes the governing body of a county to levy a discretionary sales surtax pursuant to ordinance enacted by a majority of the members of the county governing body and approved by a majority of the county electors voting in a referendum on the surtax.[3] The proceeds of the local government infrastructure surtax and any interest earned thereon must be expended within the county "to finance, plan, and construct infrastructure and to acquire land for public recreation or conservation or protection of natural resources."[4]
The statute prohibits the use of the proceeds or any interest earned thereon "for operational expenses of any infrastructure."[5]
Section 212.055(2)(d)2., F.S., defines "infrastructure" to mean "any fixed capital expenditure or fixed capital costs associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years and any land acquisition, land improvement, design, and engineering costs related thereto." The terms "fixed capital expenditure" and "fixed capital costs" are not defined in s. 212.055(2), F.S., nor do such provisions appear to be defined elsewhere in the Florida Statutes.
The term "fixed," however, generally has been interpreted to mean something securely placed or fastened.[6] "Fixed capital" has been defined to mean the capital invested in fixed assets (land, buildings, machinery)[7] or capital that is durable in character (such as buildings and machinery) and can be used over an extended period of time.[8]
An examination of the legislative history surrounding the enactment of s. 212.055(2), F.S.,[9] indicates that the statute was enacted to provide a means of meeting the tremendous strains placed upon the infrastructure of local government by the influx of people moving into this state.[10] As originally introduced, the bill defined "infrastructure" to include "any capital expenditure or capital costs associated with the construction, reconstruction, or improvement of public facilities and capital assets which have a life expectancy of 5 or more years and any land acquisition, land improvement, design and engineering costs related thereto." (e.s.)
During committee debates on the bill, the question was raised whether, under the above language, local government surtax proceeds could be used to acquire moving vehicles such as buses, fire engines, dump trucks and other vehicles having a life expectancy over five years, and answered in the affirmative.[11]
The definition of "infrastructure" was subsequently changed in the bill to the language currently contained in the statute. The language authorizing the acquisition of capital assets was deleted and the term "fixed" added to the terms "capital expenditure" or "capital costs."[12]
Generally, the term "infrastructure" would not appear to include such items as radios and motor vehicles. For example, s.216.015(1), F.S., in referring to the state's infrastructure, includes such things as its roads, water and sewer facilities, state office buildings, bridges, ports, airports, canals, prisons, educational facilities, park and recreational facilities.[13]
In contrast, the term "[o]perating capital outlay" is defined by s. 216.011(1)(v), F.S., to mean "equipment, fixtures, and other tangible personal property of a nonconsumable and nonexpendable nature . . . ." This office has stated that the furnishing of an automobile constitutes an operating capital outlay as defined in s. 216.011, F.S.[14]
Moreover, s. 212.055(2)(d)2., F.S., in defining "infrastructure" refers to fixed capital expenditures or costs associated with the "construction, reconstruction, or improvement" of "public facilities" which have a life expectancy of five or more years. The purchase of an automobile, ambulance or radios would not appear to constitute an expenditure or cost associated with the construction, reconstruction or improvement of a public facility.[15]
In light of the above, I am of the opinion that proceeds from the local government infrastructure surtax may not be used to purchase equipment such as ambulances, automobiles and radios for emergency medical services and the sheriff's department.
RAB/tjw
[1] See, Escambia County Ordinance 92-10.
[2] Section 8, Escambia County Ordinance 92-10.
[3] Section 212.055(2)(a), F.S.
[4] Section 212.055(2)(d)1., F.S.
[5] Section 212.055(2), F.S., was amended by Ch. 92-309, Laws of Florida, to authorize counties that a population of 50,000 or less on April 1, 1992, and that imposed the surtax before July 1, 1992, to use the proceeds and interest of the surtax for any public purpose if certain conditions were met. Such an exception, however, would not appear to be applicable to Escambia County.
[6] See, Webster's Third New International DictionaryFixed 861 (unabridged ed. 1981); 36A C.J.S. Fix 583 ("Fixed" has been interpreted to mean established, firm, fastened, finally determined upon, immovable, securely placed).
[7] Black's Law Dictionary Fixed capital 574 (5th rev. ed. 1979).
[8] Webster's Third New International Dictionary Fixedcapital 861 (unabridged ed. 1981).
[9] CS/CS/HB 1421, enacted as Ch. 87-239, Laws of Florida.
[10] See, House of Representatives Committee on Community Affairs Staff Analysis on CS/CS/HB 1421, dated June 8, 1987.
[11] See, Tape 1 of 2, Florida House of Representatives, Committee on Community Affairs, April 30, 1987.
[12] See, Journal of the House of Representatives, June 5, 1987, pp. 1401-1404.
[13] And see, Rule 9J-5.003(43), F.A.C., defining "[i]nfrastructure" for purposes of growth management to mean:
[T]hose man-made structures which serve the common needs of the population, such as: sewage disposal systems; potable water systems; potable water wells serving a system; solid waste disposal sites or retention areas; storm-water systems; utilities; piers; docks; wharves; breakwaters; bulkheads; seawalls; bulwarks; revetments; causeways; marinas; navigation channels; bridges; and roadways.
Cf., Webster's Third New International DictionaryInfrastructure 1161 (unabridged ed. 1981) (underlying foundation or basic framework).
[14] Attorney General Opinion 78-100. Compare, s.216.011(1)(n), F.S., defining "[f]ixed capital outlay" for state planning and budgetary purposes to mean:
[R]eal property (land, buildings, including appurtenances, fixtures and fixed equipment, structures, etc.), including additions, replacements, major repairs, and renovations to real property which materially extend its useful life or materially improve or change its functional use and including furniture and equipment necessary to furnish and operate a new or improved facility, when appropriated by the Legislature in the fixed capital outlay appropriation category.
The above definition thus expressly includes equipment necessary to operate a new or improved facility, when appropriated by the Legislature in the fixed capital outlay appropriation category. Section 212.055(2), F.S., in limiting the use of proceeds to the financing, planning and construction of infrastructure, expressly prohibits the proceeds being used for operational expenses of such infrastructure.
[15] Cf., ss. 163.3164(23) and 163.3221(12), F.S., defining "[p]ublic facilities" for purposes of the Local Government Comprehensive Planning and Land Development Regulation Act and the Florida Local Government Development Agreement Act, respectively, to mean "major capital improvements, including, but not limited to, transportation, sanitary sewer, solid waste, drainage, potable water, educational, parks and recreational, and health systems and facilities." And see, s. 159.02(11), F.S., defining "improvements" for purposes of the Revenue Bond Act of 1953, as repairs, replacements, additions, extensions and betterments of and to a project as are deemed necessary to place such project in proper condition for the safe, efficient and economic operation thereof, or necessary to preserve a project or to maintain adequate service to the public; s. 177.031(9), F.S., defining "improvements."